# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOE FLORES, et al., | ) | 1:04cv6405 OWW DLB |
| | ) | |
| | ) | |
| | ) | ORDER GRANTING TRUSTEES' |
| Plaintiff, | ) | MOTION TO INTERVENE |
| | ) | |
| v. | ) | (Document 27) |
| | ) | |
| DENNIS HAGOBIAN, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

On April 25, 2006, Trustees Beth Maxwell Stratton and James E. Salven filed the instant joint motion to intervene in this action pursuant to Federal Rule of Civil Procedure 24. On August 11, 2006, the matter was heard before the Honorable Dennis L. Beck, United States Magistrate Judge. Joe Flores, appearing pro se, was present. Henry Nunez appeared on behalf of the entity Plaintiffs. Thomas Armstrong appeared on behalf of Trustee Salven and Jeffrey Wall appeared on behalf of Trustee Stratton.

## BACKGROUND

On October 15, 2004, Plaintiffs Joe Flores ("Mr. Flores"), Connie Flores ("Ms. Flores"), in pro se, along with several agricultural corporations and limited liability companies (collectively "Plaintiffs"), filed suit against a number of individuals, trusts and corporations ("Defendants") for

1

alleged fraudulent transfers under the Uniform Fraudulent Transfer Act, Cal. Civ. Code § 3439, and for alleged improper distributions made in violation of the California Corporations Code.

On November 14, 2004, Defendants filed a motion to dismiss for lack of subject matter jurisdiction, or, in the alternative, to stay Plaintiffs' complaint.  On January 18, 2005, the Court issued an order explaining that involuntary bankruptcy proceedings were initiated against two corporate Plaintiffs, DDJ, Inc. and DDJ, LLC, on January 3, 2005, and that an automatic stay was in effect.  During the hearing, Mr. Flores and Ms. Flores stated their intent to amend the complaint to assert a federal claim and to encourage the trustees to pursue the claim in federal court.  The Court deferred ruling on Defendants' motion until receiving notification as to whether the case would proceed in bankruptcy court.

On March 1, 2005, the Court issued an order regarding Plaintiffs' status report and indicated that James Salven is the Chapter 7 Trustee for DDJ, Inc., and the Beth Maxwell Stratton is Chapter 7 Trustee for DDJ, Inc. ("Trustees").

On March 9, 2005, Ms. Flores filed another status report indicating that she and Mr. Flores met with both Trustees and discussed the fraudulent transfers, and that the Trustees indicated that they were in favor of proceeding with the action.  Ms. Flores requested 60 days to substitute counsel, review the case, prepare summaries for the Trustees and file an amended complaint.

There were no significant filings until the Trustees filed the instant joint motion to intervene on April 25, 2006.  Trustees move for intervention pursuant to Federal Rule of Civil Procedure 24(a), or in the alternative, Rule 24(b).

Mr. Flores filed his opposition on May 23, 2006.  Mr. Flores questioned the timeliness of the Trustees' motion and opposes the Trustees' argument that the causes of action are property of the bankruptcy estates.

Ms. Flores filed her opposition on May 30, 2006, arguing that the remaining unsecured creditors are time-barred from pursuing tort claims and that the Trustees' avoidance powers are valid only against an unsecured creditor.  Ms. Flores also argues that allowing the Trustees to

pursue alter ego allegations relative to other creditors will result in a denial of due process to the proposed defendants.

///

# DISCUSSION

A.   <u>Legal Standard</u>

Federal Rule of Civil Procedure 24 provides for intervention as of right and permissive intervention. The Trustees seek leave to intervene on both grounds. Rule 24 provides:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
>
> (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Where, as here, no federal statute provides an unconditional right to intervene, Rule 24(a) provides for intervention as a matter of right. The Ninth Circuit has adopted a four part test for intervention "of right" under Rule 24(a): (1) the application for intervention must be timely; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit. See <u>League of United Latin American Citizens v. Wilson</u>, 131 F.3d. 1297, 1302 (9th Cir. 1997); <u>Cabazon Band of Mission Indians v. Wilson</u>, 124 F.3d 1050, 1061 (9th Cir. 1997). The four part test is interpreted broadly in favor of intervention.

1    If intervention is not otherwise a matter "of right," the Court may still allow intervention
2 under Federal Rule of Civil Procedure 24(b)(2), which allows a third party to intervene in an
3 action when its "claim or defense and the main action have a question of law or fact in common."
4 The existence of a "common question" is liberally construed. Stallworth v. Monsanto Co., 558
5 F.2d 257, 265 (5th Cir.1977). If these conditions are met, the question of whether a party will be
6 allowed to intervene is within the sound discretion of the trial court. See Donnely v. Glickman,
7 159 F.3d 405, 409 (9th Cir. 1998); Venegas v. Skaggs, 867 F.2d 527, 530 (9th Cir.1989)
8 (quoting Securities and Exchange Comm'n v. Everest Management Corp., 475 F.2d 1236, 1240
9 (2d Cir.1972)) ("Rule 24(b) necessarily vests 'discretion in the district court to determine the
10 fairest and most efficient method of handling a case....'"). "In exercising its discretion the court
11 shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights
12 of the original parties." Fed.R.Civ.P. 24(b). In addition, a court may consider other factors,
13 including whether the movant's interests are adequately represented by existing parties and
14 judicial economy concerns. Venegas, 867 F.2d at 530-31.

15   B.   Analysis

16    Trustees move for intervention on the ground that the disposition of the action will
17 directly affect their ability to protect the property of their estates. In order for them to protect the
18 estates, they contend that they need to intervene and assume control of this lawsuit. Trustees
19 explain that based on Plaintiffs' allegations that money and property were wrongfully taken by
20 Defendants and the estates therefore wrongfully depleted, all creditors have been hurt rather than
21 only the Flores creditors. In re Folks, 211 B.R. 378, 387 (9th Cir. B.A.P. 1997).

22    In opposition, Mr. Flores contends that the action involves proceeds and property that
23 were illicitly and fraudulently converted by the DDJ entities from the Perishable Agricultural
24 Commodities Act ("PACA") trust. As such, Flores argues the causes of action regarding the
25 fraudulent transfers are personal and not the property of the bankruptcy estate. Ms. Flores filed a
26 similar opposition.

27    After reviewing the parties' arguments, including the submissions made subsequent the
28 hearing, the Court finds that the Trustees must be allowed to intervene in this action to protect the

4

property of the bankruptcy estates. In so ruling, the Court is *not* making a finding as to whether the assets are or are not property of the bankruptcy estates. However, because there is at least an argument that the assets may be part of the bankruptcy estates, the Trustees must be allowed to intervene to protect their respective estates.

Accordingly, the Trustees motion to intervene is GRANTED.

IT IS SO ORDERED.

Dated:   **September 12, 2006**          /s/ **Dennis L. Beck**
3b142a                                    UNITED STATES MAGISTRATE JUDGE