# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE FLORES, et al., | ) 1:04cv6405 AWI DLB |
| | ) |
| | ) |
| | ) ORDER DENYING PLAINTIFFS' MOTION |
| Plaintiffs, | ) FOR ORDER TO CALENDAR A HEARING |
| | ) DATE CERTAIN TO COMMENCE |
| v. | ) PROCEEDINGS |
| | ) |
| DENNIS HAGOBIAN, et al., | ) (Document 57) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

On May 10, 2007, Plaintiffs Joe and Connie Flores (collectively "Plaintiffs") filed the instant motion for an order to calendar a date certain to commence proceedings. Pursuant to Local Rule 78-230(h), the Court deemed the motion suitable for submission without oral argument.

## BACKGROUND

On October 15, 2004, Plaintiffs, in pro se, along with several agricultural corporations and limited liability companies, filed suit against a number of individuals, trusts and corporations (collectively "Defendants") for alleged fraudulent transfers under the Uniform Fraudulent Transfer Act, Cal. Civ. Code § 3439, and for alleged improper distributions made in violation of the California Corporations Code.[1]

---

[1] This action is one of three similar actions in this Court. In 1:99cv5878 AWI DLB, Plaintiffs obtained a jury verdict for damages against DDJ, Inc. and DDJ, LLC for violations of the Perishable Agricultural Commodities Act and state law. Plaintiffs filed a motion to add as judgment debtors various individuals and entities after the

1

1    On November 14, 2004, Defendants filed a motion to dismiss for lack of subject matter
2 jurisdiction, or, in the alternative, to stay Plaintiffs' complaint.  On January 18, 2005, the Court
3 issued an order explaining that involuntary bankruptcy proceedings were initiated against two
4 corporate Plaintiffs, DDJ, Inc. and DDJ, LLC, on January 3, 2005, and that an automatic stay was
5 in effect.  During the hearing, Mr. Flores and Ms. Flores stated their intent to amend the
6 complaint to assert a federal claim and to encourage the trustees to pursue the claim in federal
7 court.  The Court deferred ruling on Defendants' motion until receiving notification as to whether
8 the case would proceed in bankruptcy court.

9    On March 1, 2005, the Court issued an order regarding Plaintiffs' status report and
10 indicated that James Salven was appointed as the Chapter 7 Trustee for DDJ, Inc., and that Beth
11 Maxwell Stratton was appointed as the Chapter 7 Trustee for DDJ, Inc. ("Trustees").

12    On March 9, 2005, Ms. Flores filed another status report indicating that she and Mr.
13 Flores met with both Trustees and discussed the fraudulent transfers, and that the Trustees
14 indicated that they were in favor of proceeding with the action.  Ms. Flores requested 60 days to
15 substitute counsel, review the case, prepare summaries for the Trustees and file an amended
16 complaint.

17    The Trustees filed a joint motion to intervene, which the Court granted on September 13,
18 2006.

19    Plaintiffs filed the instant motion on May 10, 2007.  They argue that the Trustees have
20 lost their avoidance power under 11 U.S.C. § 544(a) and therefore, the automatic stay imposed
21 pursuant to 11 U.S.C. § 362(a) should be lifted to allow Plaintiffs to proceed with this action, i.e.,
22 set the case for trial.

23    Trustee Stratton opposed the motion on May 16, 2007.

---

Court entered judgment.  In January 2005, the Court received notice that DDJ, Inc. and DDJ, LLC had filed for Chapter 7 Bankruptcy.  On January 10, 2005, the Court stayed the action pursuant to 11 U.S.C. § 362(a) and ordered Defendants to file a status report with the Court within 10 days of the conclusion of the bankruptcy proceedings. Plaintiffs filed a motion very similar to the one now before this Court on March 30, 2007.  The motion was denied on May 23, 2007.

    Plaintiffs filed a similar action in March 2005, 1:05cv291AWI DLB.  Defendants' motion to dismiss is currently pending.

2

On May 22, 2007, Dennis Hagobian, Victoria Hagobian, the Dennis Hagobian Residential Trust, the Victoria Hagobian Residential Trust, Yosemite Technologies and Rod Christensen (collectively, the "Hagobian Defendants") filed a request to stay this action based on the pending motion to dismiss in 1:05cv291 AWI DLB.  The Court has not yet ruled on the motion to stay.  The Hagobian Defendants opposed the instant motion on May 25, 2007.

Plaintiffs filed their reply on June 1, 2007.

## DISCUSSION

Title U.S.C. § 362(a)(1) automatically stays actions when one party files for bankruptcy. "The automatic stay provisions of the Bankruptcy Code prohibit the continuation of a judicial action 'against the debtor' that was commenced before the bankruptcy, § 362(a)(1); the Code also prohibits 'any act to obtain possession of property of the estate . . . or to exercise control over the property of the estate. § 362(a)(3)." In re White, 186 B.R. 700, 703 (B.A.P. 9th Cir. 1995).  The "policy behind § 362 is to protect the estate from being depleted by creditors' lawsuits and seizures of property before the trustee has had a chance to marshal and distribute the assets. [Citation.]" White, 186 B.R. at 704.

Title 11 U.S.C. § 362(c)(2) states that the stay expires at the earliest of the time the bankruptcy case is closed, the time the case is dismissed, the time a discharge is granted or denied, and/or the property is no longer property of the estate.  11 U.S.C.§ 362(c); In re Franklin, 179 B.R. 913, 925 (Bkrtcy. E.D. Cal. 1995).  Section 362(c) reads as follows:

> (c) Except as provided in subsections (d), (e), (f), and (h) of this section--
> (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;
> (2) the stay of any other act under subsection (a) of this section continues until the earliest of--
>     (A) the time the case is closed;
>     (B) the time the case is dismissed; or
>     (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied;11 U.S.C.A. § 362 (c).

Here, Plaintiffs contend that the stay has lifted because the claims of the instant complaint can no longer be claimed as property of the estates.  Plaintiffs base this conclusion on the expiration of the statute of limitations related to the Trustees' avoidance powers and their

resulting inability to vacate the alleged improper transfers and/or claim the causes of action as property of the estates.

Plaintiffs are correct that the Bankruptcy Code gives a trustee certain powers to vacate and void a debtor's transfer of assets. Title 11 U.S.C.A. § 544(a) gives the trustee the right and power to void any transfer of property of the debtor or any obligation incurred by the debtor that is voidable. Title 11 U.S.C.§ 548 allows the trustee to vacate fraudulent transfers, and reads in part:

> (a)(1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily–

11 U.S.C. § 548. However, the trustee's ability to void or vacate a transfer is not limitless. An action or proceeding under 11 U.S.C. § 544 or § 548 may not be commenced after the earlier of:

> (1) the later of--
> (A) 2 years after the entry of the order for relief; or
> (B) 1 year after the appointment or election of the first trustee under section 702,1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
> (2) the time the case is closed or dismissed.

11 U.S.C.A. § 546(a).

Plaintiffs' position is that to the extent that the Trustees could have claimed the causes of action in the instant complaint as property of their respective estates, they can no longer do so because the time for using their avoidance powers has expired pursuant to 11 U.S.C. § 546(a). As such, Plaintiffs contend that the stay has automatically lifted because the property at issue – the causes of action contained in the complaint in this action- can no longer be claimed as property of the estate.

While the Court follows Plaintiffs' legal argument, the Court disagrees that the passing of the statute of limitations set forth in 11 U.S.C. § 546(a) operates to lift a bankruptcy stay. The passing of the two year statue of limitations found in 11 U.S.C. § 546(a) is not listed in 11 U.S.C.§ 362(c) as one of the events that concludes an automatic stay. In addition, Plaintiffs do not cite, and this Court has been unable to find, any case interpreting 11 U.S.C. § 362(c) to

1  include the passing of 11 U.S.C. § 546(a)'s statute of limitations as an event which ends the
2  automatic stay. Thus, contrary to Plaintiffs' position, the stay in this action remains in place.
3      Finally, the Court notes that in her opposition, Trustee Stratton contends that Plaintiffs'
4  motion is in direct violation of a settlement agreement in which Plaintiffs transferred their rights
5  to prosecute the action to Trustee Salven. She further states that a motion to enforce the
6  settlement agreement is currently pending in the Bankruptcy Court. Because the Court finds that
7  the bankruptcy stay has not yet lifted, it is unnecessary to further address the possible settlement
8  agreement other than to note that the bankruptcy case is still active and actions taken in the
9  bankruptcy case may still affect this action.
10     IT IS SO ORDERED.
11     Dated:   **June 18, 2007**             **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE