1
2
3
4
5
6
7
8
9

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE FLORES, et al., | 1:04-CV-6405 AWI DLB |
| Plaintiffs, | ORDER GRANTING MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION |
| v. | |
| | ORDER DISMISSING ACTION |
| DENNIS HAGOBIAN, et al., | |
| Defendants. | ORDER DENYING PENDING MOTIONS AS MOOT |
| | (Documents #231 & #241) |

**BACKGROUND**

On October 15, 2004, two individuals in pro se ("Flores Plaintiffs") an agricultural corporation, Plaintiff DDJ, Inc., and a limited liability company, Plaintiff DDJ LLC, filed suit against a number of individuals, trusts, and corporations (collectively "Defendants") for alleged fraudulent transfers under the Uniform Fraudulent Transfer Act, see Cal. Civ. Code § 3439, and for alleged improper distributions made in violation of the California Corporations Code. United States District Court Judge Oliver W. Wanger stayed this action when Plaintiff DDJ, Inc. and Plaintiff DDJ LLC, (collectively "DDJ Entities") filed for bankruptcy.   On April 25, 2006, Trustee James Edward Salven, Trustee for Plaintiff DDJ, Inc., and Trustee Beth Maxwell Stratton, Trustee for Plaintiff DDJ LLC, filed a joint motion to intervene in this action.   On September 13, 2006, Magistrate Judge Dennis L. Beck granted the Trustees' request.   Because

this case is related to other cases involving many of the same parties, this action was re-assigned to the undersigned.

On May 10, 2007, Plaintiffs filed an amended complaint, and Defendants filed motions to dismiss the amended complaint.  On August 3, 2007, Trustee Salven, on behalf of Plaintiff DDJ, Inc., joined in the amended complaint.   On September 8, 2007, Trustee Salven, on behalf of Plaintiff DDL LLC, joined in the amended complaint.

On August 20, 2007, Plaintiff Joe Flores filed a copy of orders issued by the Bankruptcy Court that lifted relief from any stay in this action.

On January 18, 2008, the court struck the amended complaint and denied all motions to dismiss as moot because the amended complaint had been filed during the stay imposed by District Court Judge Wanger.

On February 19, 2008, Plaintiffs filed a second amended complaint.   The complaint alleges numerous violations of state law along with a PACA claim.

On February 29, 2008, Defendants Georgeson & Belardinelli, C. Russell Georgeson, and Richard Belardinelli ("Georgeson Defendants") filed a motion to dismiss for failure to state a claim and lack of subject matter jurisdiction.   On February 29, 2008, Georgeson Defendants also filed an anti-slap motion.

On March 6, 2008, Defendants Taft & Traner, Inc., Eco Farm Fields, Inc., ECO Farms Sales, Inc., Norman Traner, and Steven Taft ("T&T Defendants") filed a motion to dismiss for lack of subject matter jurisdiction.

On March 7, 2008, Defendants Dennis Hagobian, Victoria Hagobian, the Dennis Hagobian Residential Trust, the Victoria Hagobian residential trust, and Yosemite Technologies ("Hagobian Defendants") filed a motion to dismiss for failure to state a claim and a motion to strike certain allegations in the complaint.

Defendants Judith Yeramian, the Lee Yeramian Family Trust, the Lee Yeramian Exempt QTIP Trust, and the Judith Mary Yeramian Family Trust ("Yeramian Defendants"), along with

2

Hagobian Defendants and Defendant Russell Davidson, joined in the T&T Defendants' motion to dismiss for lack of subject matter jurisdiction.

On April 14, 2008, the United States Trustee ("Trustee"), on behalf of Plaintiff DDJ, Inc. and Plaintiff DDJ LLC, filed oppositions to Defendants' motions.   On April 14, 2008, Plaintiff Joe Flores, in pro se, and Plaintiff Connie Flores, in pro se, filed oppositions to Defendants' motions.  All Plaintiffs joined in the other Plaintiffs' oppositions.

On April 14, 2008, Georgeson Defendants filed a reply brief.   On April 21, 2008, T&T Defendants and Hagobian Defendants filed reply briefs.

**LEGAL STANDARD**

**A. Subject Matter Jurisdiction**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack of subject matter jurisdiction.  The plaintiff has the burden to establish that subject matter jurisdiction is proper.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action.  McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1).   A defendant may attack jurisdiction pursuant to Rule 12(b)(1) facially or factually.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).    "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  Safe Air, 373 F.3d at 1039.  When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself.  Whisnant v. United States, 400 F.3d 1177, 1179 (9th Cir. 2005).

A defendant may also attack the existence of subject matter jurisdiction based on facts outside pleadings.  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).  "[I]n a factual attack, the

1  challenger disputes the truth of the allegations that, by themselves, would otherwise invoke

2  federal jurisdiction." Safe Air, 373 F.3d at 1039.  Once the moving party has converted the

3  motion to dismiss into a factual motion by presenting affidavits or other evidence properly

4  brought before the court, the party opposing the motion must furnish affidavits or other evidence

5  necessary to satisfy its burden of establishing subject matter jurisdiction. Safe Air,  373 F.3d at

6  1039;  Savage v. Glendale Union High School, Dist. No. 205, Maricopa County, 343 F.3d 1036,

7  1040 n.2 (9th Cir. 2003).   In resolving a factual attack on jurisdiction, the district court may

8  review evidence beyond the complaint without converting the motion to dismiss into a motion

9  for summary judgment. Safe Air,  373 F.3d at 1039.[1]

10

11  **B.   Failure to State a Claim**

12      A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil

13  Procedure for "failure to state a claim upon which relief can be granted".   Fed.R.Civ.Pro.

14  12(b)(6).   A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal

15  theory or the failure to allege sufficient facts under a cognizable legal theory.  Balistreri v.

16  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds,

17  Inc., 749 F.2d 530, 533-34 (9th Cir.1984).   In considering a motion to dismiss, the court must

18  accept as true the allegations of the complaint in question, construe the pleading in the light most

19  favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.

20  Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976); Jenkins v. McKeithen,

21  395 U.S. 411, 421 (1969); Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003).

22      For a complaint to avoid dismissal pursuant to Rule 12(b)(6), the plaintiff must plead

23

24  ─────────

25  [1]  In a factual attack, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Thornhill Publishing, 594 F.2d at 733.  However, in the

26  absence of a full-fledged evidentiary hearing, disputed facts should be resolved in favor of the non-moving party.  Rhoades v. Avon Products, Inc., 504 F.3d 1151, 1156 (9th Cir. 2007); Greene

27  v. United States,  207 F.Supp.2d 1113, 1119 (E.D.Cal. 2002).

28                              4

"enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v.</u>
<u>Twombly</u>, – U.S. – , 127 S.Ct. 1955, 1974 (2007); <u>Weber v. Department of Veterans Affairs</u>, 512
F.3d 1178, 1181 (9th Cir. 2008).   While a complaint need not plead "detailed factual
allegations," the factual allegations it does include "must be enough to raise a right to relief
above the speculative level." <u>Twombly</u>, 127 S.Ct. at 1964-65; <u>Weber</u>, 512 F.3d at 1181.
Federal Rule of Civil Procedure 8(a)(2) requires a "showing" that the plaintiff is entitled to relief,
"rather than a blanket assertion" of entitlement to relief. <u>Twombly</u>, 127 S.Ct. at 1965 n. 3.
Thus, a Rule 12(b)(6) motion to dismiss should be granted when a plaintiff fails to nudge his or
her claims "across the line from conceivable to plausible." <u>Id</u>. at 1974.

## FACTUAL ALLEGATIONS

This action stems from a civil complaint filed by Flores Plaintiffs against the DDJ
Entities entitled <u>Flores v. DDJ, Inc., et al.</u>, 1:99-CV-5878 AWI DLB ("<u>Flores I</u>").   Flores I
concerned packing and marketing agreements that were entered into between the DDJ Entities
and Flores Plaintiffs.   In Flores I, Flores Plaintiffs alleged PACA violations and state law claims
for breach of contact, breach of fiduciary duty, fraud, and conversion.  On July 25, 2003, the jury
returned a special verdict in the Flores Plaintiffs' favor for $750,000.00.  On March 11, 2004, the
Clerk of the Court entered judgment in favor of Flores Plaintiffs.

The complaint alleges that shortly after judgment was filed in <u>Flores I</u>, Flores Plaintiffs
inquired about payment of judgment.  The complaint alleges that on August 4, 2004, Flores
Plaintiffs filed a Notice of Judgment Lien against the DDJ Entities with the Fresno County
Records Office and with the Secretary of State on October 1, 2004.

The complaint alleges that Flores Plaintiffs determined that the DDJ Entities had
property and assets of $10,000,000 before <u>Flores I</u> was filed in 1999.   The complaint alleges that
the DDJ Entities sold all assets and property to T&T Defendants on July 30, 1999, in return for
cash in the amount of $2,183,698.00 and a promissory note for $1,741,158.45.   The complaint

alleges that on April 27, 2000, Defendant Traner and Defendant Taft ["Taft Defendants"] personally guaranteed the satisfaction, performance, and observance concerning the purchase and timely payments of all property and assets purchased by Defendant T&T.

The complaint alleges that T&T Defendants failed to uphold their agreement.   The complaint alleges that the DDJ Entities hired Georgenson Defendants to file a complaint against T&T Defendants.   Georgeson Defendants filed a complaint for breach of contract and the state court issued a writ of attachment against T&T Defendants.   The complaint alleges that on September 6, 2002, T&T Defendants filed a suit against Defendants Dennis Hagobian, Dennis Vartan, Judith Yeramian, Russell Davison, William Davson, Michael Hedbert, and W.D. Farming, LLC.   The complaint alleges that there was a confidential settlement agreement entered into on September 25, 2003, by which T&T Defendants dismissed their complaint in return for the DDJ Entities dismissing their complaint.   The complaint alleges that Georgeson Defendants had a conflict of interest because they represented both the DDJ Entities in the first state action and the named individuals Defendants in the second state action.

The complaint alleges that the DDJ Entities paid salary and bonuses that were excessive beginning in 1995.   The complaint alleges that Plaintiff DDJ, Inc. had a 100% ownership of Plaintiff DDJ LLC.   The complaint alleges that Hagobian Defendants and Yeramian Defendants reaped the profits of Plaintiff DDJ LLC instead of Plaintiff DDJ, Inc.   The complaint alleges that Plaintiff DDJ, Inc. loaned Plaintiff DDJ LLC money that was never paid.   The complaint alleges that the owners and partners of Plaintiff DDJ, Inc. and Plaintiff DDJ LLC made distributions to themselves even though the DDJ Entities no longer existed and knowing that the DDJ Entities owed Flores Plaintiffs money.

Concerning the PACA violation, the complaint alleges that on or about September 26, 1995, Flores Plaintiffs entered into a packing and marketing agreement with Plaintiff DDJ, Inc., and Flores Plaintiffs then began delivering their perishable agricultural commodities for packing, selling, and shipping.   The packing agreement was renewed in 1997 and 1998.   The complaint

alleges that Plaintiff DDJ LLC would buy some of Flores Plaintiffs' crop from Plaintiff DDJ, Inc. The complaint alleges that Plaintiff DDJ, Inc., while invoicing sales consummated on behalf of Flores Plaintiffs, preserved the benefits of a PACA trust.   The complaint alleges that Plaintiff DDJ, Inc. created a nonsegregated floating trust.   The complaint alleges that Plaintiff DDJ LLC's floating trust contained assets that belong to Flores Plaintiffs.   The complaint alleges that Defendants Dennis Vartan, Sandy Vartan, the Dennis Vartan Family Trust, the Dennis and Sandy L. Vartan Family Trust, Dennis Hagobian, Victoria Hagobian, Judith Yeramian, Russell Davidson, William Davidson, and Michael Hedberg created a nonsegregating floating trust for Flores Plaintiffs.   As such, the complaint alleges that they became secondarily liable as partners, members, and fiduciaries of Plaintiff DDJ LLC for their failure to preserve the PACA trust.   The complaint alleges that Plaintiff DDJ LLC's members made a wrongful diversion of the PACA trust to use for a purpose other than payment to Flores Plaintiffs, breaching their fiduciary duty to Plaintiff DDJ LLC.   The complaint alleges that Plaintiff DDJ, Inc., as Flores Plaintiffs' fiduciary, collected the PACA trust assets from buyers on behalf of Flores Plaintiffs.   The complaint alleges that the controlling agents for Plaintiff DDJ, Inc. wrongfully diverted the PACA trust proceeds and allowed these proceeds to be used for purposes other than payment to Flores Plaintiffs.

## DISCUSSION

Defendants have questioned whether this court has jurisdiction over this action.  T&T Defendants and Georgeson Defendants have directly attacked this court's jurisdiction by filing motions to dismiss for lack of subject matter jurisdiction that other Defendants have joined. Hagobian Defendants indirectly attack jurisdiction by arguing the only cause of action based on federal law is barred because this issue was resolved in another proceedings.   The court must first address whether it has jurisdiction over this action before it can address whether Plaintiffs have stated a claim.

It is a fundamental precept that federal courts are courts of limited jurisdiction.  Limits upon federal jurisdiction must not be disregarded or evaded.  Keene Corp. v. United States, 508 U.S. 200, 207 (1993)  Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). Federal courts can adjudicate only those cases in which the United States Constitution and Congress authorize them to adjudicate.  Exxon Mobil Corp. v. Allapattah Services, Inc.,545 U.S. 546, 552 (2005); Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 378 (1994); Sandpiper Vill. Condo. Ass'n, Inc. v. Louisiana-Pacific Corp., 428 F.3d 831, 841 (9th Cir. 2005).  Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction.  Kokkonen, 511 U.S. at 378; Vacek v. United States Postal Service, 447 F.3d 1248, 1250 (9th Cir. 2006)  "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon.  Without jurisdiction it is nothing."  United States v. Ceja-Prado, 333 F.3d 1046, 1051 (9th Cir. 2003);  Saini v. U.S. Citizenship and Immigration Services, – F.Supp.2d –, 2008 WL 833226, *2 (E.D.Cal. 2008).

Plaintiffs have provided three possible ways the court has jurisdiction.  First, all Plaintiffs contend that the court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over the PACA claim and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims.   Second, the Trustee contends that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states.   Finally, the Trustee contends that the court has bankruptcy jurisdiction pursuant to 28 U.S.C. § 1334 because this action is "related to" a bankruptcy proceeding.

**A.   Federal Question Jurisdiction**

The court has jurisdiction over any civil action arising under the laws of the United States.  28 U.S.C. § 1331.   The parties agree that Plaintiffs' PACA claim arises under the laws of the United States.   The question presented in Defendants' motions is whether Plaintiffs' PACA claim is barred by res judicata.   If Plaintiffs' PACA claim is barred by res judicata, than

Defendants contend the court should not exercise supplemental jurisdiction over the remaining state claims.

### *1.   Claim Preclusion as to Flores Plaintiffs*

Res judicata, or claim preclusion, "bars re-litigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits."   Tahoe-Sierra Preservation Council v. Tahoe Regional Planning Agency, 322 F.3d 1064, 1078 (9th Cir.2003); United States ex rel. Barajas v. Northrop Corp., 147 F.3d 905, 909 (9th Cir.1998).   "The doctrine of res judicata provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action, and is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction."   Headwaters Inc. v. United States Forest Serv., 399 F.3d 1047, 1051- 52 (9th Cir.2005) (internal quotation marks omitted).   The res judicata, or claim preclusion, doctrine applies when there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) an identity or privity between the parties.   Hells Canyon Preservation Council v. U.S. Forest Service,  403 F.3d 683, 686 (9th Cir. 2005);  Hydranautics v. FilmTec Corp., 204 F.3d 880, 887 (9th Cir. 2000);   Western Radio Services Co., Inc. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997).   The doctrine of claim preclusion is meant to protect parties against being harassed by repetitive actions.  Clements v. Airport Auth. of Washoe, 69 F.3d 321, 329 (9th Cir. 1995).   It also "conserves judicial resources" and "fosters reliance on judicial action by minimizing the possibility of inconsistent decisions."   United States v. Schimmels, 127 F.3d 875, 881 (9th Cir. 1997).

The court takes judicial notice of the bankruptcy appeal brought before the undersigned in In re Enoch Packing Company Inc., Debtor., Joe Flores and Connie Flores, Appellants, v. DDJ, Inc., et al, Appellees, 2007 WL 1589537, District Court Case No. CIV-F-06-0388 AWI, Bankruptcy Court Case No. 02-17736-A-7, Adversary Proceeding No. 05-01297-A (E.D.Cal.

2007).   In this appeal, the court affirmed the Bankruptcy Court's finding that Flores Plaintiffs have no PACA trust claim because they did not preserve their PACA trust rights with Plaintiff DDJ, Inc.   In re Enoch Packing Co., Inc., 2007 WL 1589537 at *8.   The court also found that Flores Plaintiffs had no PACA trust claims against Plaintiff DDJ LLC or any third party because the Flores Plaintiffs did not perfect their PACA trust rights with their agent Plaintiff DDJ, Inc. and Flores Plaintiffs' recovery was limited to only a party with which it had privity.   Id. at * 11.

In this action, the complaint alleges that between 1996 and 1998 Plaintiffs delivered their fruit to Plaintiff DDJ, Inc.   This fruit was sold to Plaintiff DDJ LLC on numerous occasions. The complaint alleges that Plaintiff DDJ, Inc. preserved the benefits of the PACA trust for Flores Plaintiffs in their invoices.   The complaint alleges that Plaintiff DDJ, Inc. created a nonsegregated floating trust on the sale of Flores Plaintiffs' fruit.   The complaint states that Flores Plaintiffs have a PACA trust against Plaintiff DDJ LLC and its partners, members and fiduciaries.   The complaint also states that Flores Plaintiffs have a PACA trust against Plaintiff DDJ, Inc. and its controlling agents because they did not preserve the trust assets.   The court finds that these contentions have already been decided against Flores Plaintiffs in the bankruptcy action.

### a.  Identity of Claims

"The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." Frank v. United Airlines, Inc., 216 F.3d 845, 851 (9th Cir.2000) (internal quotations omitted).   Specifically, courts are to consider (1) whether the rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.   Headwaters, 399 F.3d at 1052.   However, it is the last of these criteria that is the most important.   Id.

1    Here, there is clearly identity of claims.   In the bankruptcy proceedings the court found

2    Flores Plaintiffs had not preserved their PACA rights.   The court found that any steps Plaintiff

3    DDJ, Inc. may have taken to preserve PACA rights in its sales of the fruit did not create a PACA

4    trust in favor of Flores Plaintiffs.   To provide Flores Plaintiffs with the PACA trust they seek in

5    this action, the court would need to find Plaintiff DDJ, Inc.'s actions did create a PACA trust in

6    favor of Flores Plaintiffs.   Such a ruling would implicate the findings made in the bankruptcy

7    proceeding.   If this court made such a finding, Flores Plaintiffs could then argue in the

8    bankruptcy action that they are now preferred creditors, despite the Bankruptcy Court's finding

9    that Plaintiffs are general creditors.

10    In addition, the Flores Plaintiffs' legal position in both this case and the bankruptcy action

11    is the same, and there is no real factual dispute.   Instead,  Flores Plaintiffs contend that because

12    Plaintiff DDJ, Inc. preserved its PACA rights, Flores Plaintiffs' PACA rights were also

13    preserved.   The court rejected this position in the bankruptcy case and allowing Flores Plaintiffs

14    to make this argument now would re-try this legal question.

15    Finally, both actions arise from the same transactional nucleus of facts - the packing

16    agreements between Flores Plaintiffs and Plaintiff DDJ, Inc. and between Plaintiff DDJ, Inc. and

17    Plaintiff DDJ LLC between1995 and 1998.  Both cases involve whether Flores Plaintiffs have

18    PACA trust rights to money that once belonged to the DDJ Entities.   Thus, the court finds

19    identity of claims.

20    *b.   Final Judgment*

21    The court finds that the Bankruptcy court's ruling in the bankruptcy action, along with the

22    undersigned's ruling on appeal, constitutes a final judgment for the purposes of claim preclusion.

23    Plaintiffs do not provide argument or legal authority on why the doctrine of claim preclusion

24    should not apply.   Plaintiffs' disagreement with the Bankruptcy Court's order, this court's order,

25    and any further appeal do not provide a basis for the court to not find the judgement final.

26

27

28                                                      11

1    c.  *Same Parties - Privity*

2          There is no dispute that Flores Plaintiffs, the DDJ Entities, and Defendants were part of

3    the bankruptcy proceeding.   Thus, there is privity.

4    d.  *Conclusion*

5          The court finds that Flores Plaintiffs are barred by the doctrine of claim preclusion from

6    raising a PACA claim.   Whether a trust was created requires the court to find that Plaintiffs

7    preserved their PACA rights.   The court has already found Plaintiffs did not preserve their

8    PACA rights.   Thus, Flores Plaintiffs PACA claim must be dismissed with prejudice.

9

10   **2.  *DDJ Entity Plaintiffs***

11         The Trustee contends that even if Flores Plaintiffs are barred by claim preclusion from

12   raising a PACA claim, the Trustee has never pursed a PACA claims against Defendants on

13   behalf of the DDJ Entities.   The Trustee claims that he has a right to pursue PACA claims

14   against the DDJ Entities's owners, shareholders, directors, officers, agents, and members for

15   secondary liability to their principles.

16         Preliminarily, the court notes that both the Trustee and the DDJ Entities were named as

17   defendants in the bankruptcy action.   However, neither the Trustee nor the DDJ Entities filed a

18   cross-claim or counter-claim.   No Defendant has argued or offered authority for the position

19   that the Trustee and/or the DDJ Entities were required by law to assert any PACA claims during

20   the bankruptcy case.   Thus, for the purposes of this motion only, the court finds that the DDJ

21   Entities' PACA claims are not barred by issue or claim preclusion.

22         The problem for the DDJ Entities is not that their PACA rights were already decided in

23   another forum.   Rather, the problem is the DDJ Entities have not filed a complaint that requests

24   any relief under PACA.   The ninth cause of action alleges how Flores Plaintiffs' PACA claims

25   allegedly arose.   The complaint alleges that when Flores Plaintiffs were not paid all money

26   owing, a PACA trust was created.   The ninth cause of action is replete with allegations

27

28                                                    12

concerning Flores Plaintiffs' PACA trust.   Nothing in the ninth cause of action pleads a claim on

behalf of the DDJ Entity Plaintiffs under PACA.    There are no allegations that either of the DDJ

Entities sold or transferred fruit to Defendants.    Thus, the complaint contains no PACA cause of

action on behalf of the DDJ Entities.    Accordingly, on its face, the DDJ Entities have not

pleaded a federal question and the complaint is subject to dismissal for lack of subject matter

jurisdiction.

When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be

granted unless the district court determines that the pleading could not possibly be cured by the

allegation of other facts." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir.2001) (internal

quotation marks omitted);  Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir.  (9th Cir. 1996).   Here,

the court will not grant the DDJ Entities leave to amend the complaint to state a PACA claim.

Any attempt by the DDJ Entities to state a PACA claim against these Defendants would be futile

for several reasons.

First, in the opposition, the Trustee does not offer any theory or alleged facts that would

create a PACA cause of action on behalf of the DDJ Entity Plaintiffs.[2]   There is no indication

that these Defendants bought fruit from the DDJ Entity Plaintiffs.   Thus, based on the briefing

before the court it does not appear the DDJ Entities Plaintiffs could state a PACA claim against

these Defendants.

Second, any potential PACA claim belonging to the DDJ Entity Plaintiffs is barred by the

statute of limitations.   Because PACA does not set forth a limitations period for breach of

fiduciary duty claims, the court must look to California law for the applicable statute of

limitations.  See Weis-Buy Services, Inc. v. Paglia, 411 F.3d 415, 422 (3rd Cir. 2005) (applying

Pennsylvania law on breach of fiduciary duty).   In California, the statute of limitations on a

claim for breach of fiduciary duty is four years. Cal.Code Civ. P. § 343; see also  Rosenblatt v.

[2]  It is not the court's responsibility to brainstorm until it "comes up" with a plausible PACA theory.

13

1   Ernst & Young Intern., Ltd., 87 F.Supp.2d 1048 (S.D.Cal. 2000).   A claim arising from a PACA

2   trust relationship accrues when the buyer and its officers fail to pay the seller for the goods

3   received because at this time the seller is on notice that the trustees are in breach of their

4   fiduciary duties.   Wis-Buy Services, 411 F.3d at 423.

5        The complaint's allegations state that the DDJ Entities ceased packing, shipping, and

6   selling fruit when their businesses were sold to Defendant T&T on July 30, 1999.   As such, any

7   possible PACA cause of action belonging to the DDJ Entities arose prior to July 30, 1999, when

8   the DDJ Entities were not given whatever sums Plaintiffs believe belonged to one or more of the

9   DDJ Entities.   Because any PACA claim belonging to the DDJ Entities arose more than four

10  years before this lawsuit was filed in October 2004, the DDJ Entities' possible PACA causes of

11  action are barred by the statute of limitations.   Allowing the DDJ Entities to amend the

12  complaint to allege a PACA claim would be futile.   Accordingly, the court will not give DDJ

13  Entities leave to file an amended complaint.

14

15  *3.   Supplemental Jurisdiction Over State Law Claims*

16       Having dismissed the only claim in this action that provides the court with federal

17  question jurisdiction, the court is left with a complaint containing claims based solely on state

18  law.   The court may decline to exercise supplemental jurisdiction over state claims when the

19  federal claims are dismissed before trial.   See 28 U.S.C. § 1367(c)(3).   "[P]endant jurisdiction is

20  a doctrine of discretion not of plaintiff's right.   Its justification lies in considerations of judicial

21  economy, convenience and fairness to the litigants; if these are not present, a federal court should

22  hesitate to exercise jurisdiction over state claims."   United Mine Workers v. Gibbs, 383 U.S. 715,

23  726  (1966).   In the usual case in which federal-law claims are eliminated before trial, the balance

24  of factors points toward declining to exercise jurisdiction over the remaining state law claims.

25  Reynolds v. County of San Diego, 84 F.3d 1162, 1171 (9th Cir. 1996), *overruled on other*

26  *grounds by* Acri v. Varian Associates, Inc, 114 F.3d 999, 1000 (9th Cir. 1997); Schneider v.

27

28                                        14

1    TRW. Inc., 938 F.2d 986, 993 (9th Cir. 1991).

2        Neither Plaintiffs nor the Trustee have advanced any reason for this court to retain

3    supplemental jurisdiction over any of the state claims in the event the PACA claims are

4    dismissed.  The remaining state claims in this action concern the duties under California law of

5    those that own and run corporations and limited liability companies when transferring the

6    entities' assets and dissolving the entities.  Deciding whether the Defendants' transfers were

7    proper under California law seems of importance to the people of California.   The court

8    recognizes that this case has been pending in this court for close to four years.  The length of time

9    this action has been pending in this court may, at first glance, indicate that the court should retain

10   jurisdiction.    However, the case was stayed for much of that time, and this action is still at the

11   pleading stage.   Considering the remaining discovery, motions, and issues that have yet to be

12   resolved, the court has yet to expend most of the significant resources that this case will require.

13   Indeed, the court has never even considered the merits of Plaintiffs' state claims. The court will,

14   therefore, decline to exercise its supplemental jurisdiction and dismiss the remaining claims

15   without prejudice.

16

17   **B.  Diversity Jurisdiction**

18        The Trustee contends that this court has jurisdiction over this action because Defendant

19   Yosemite Technologies, Inc. is a corporation organized and existing under the State of

20   Delaware's laws.    This contention is correctly refuted by Defendants, who point out that there is

21   not complete diversity.

22        The basis of diversity jurisdiction is found at Title 28 U.S.C. § 1332.   Section 1332(a)(1)

23   states that "[t]he district courts shall have original jurisdiction of all civil actions where the

24   matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of

25   different States." 28 U.S.C. § 1332(a)(1).   Section 1332(a) requires complete diversity, whereby

26   "[i]n a case with multiple plaintiffs and multiple defendants, the presence in the action of a single

27

28                                              15

1   plaintiff from the same State as a single defendant deprives the district court of original diversity

2   jurisdiction over the entire action."  Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S.

3   546, 553 (2005); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267, *overruled on other grounds*,

4   43 U.S. (2 How.) 497 (1844); Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th

5   Cir. 2006).

6          In this action there is not complete diversity.    Plaintiffs are all California citizens.

7   While one Defendant is not a California citizen, the remaining Defendants are California

8   citizens.   Thus, the court lacks subject matter jurisdiction based on diversity.

9

10  **C.  Jurisdiction Under 28 U.S.C. 1334**

11         The Trustee contends that the court has jurisdiction over this action pursuant to 28 U.S.C.

12  § 1334.   Section 1334 give district courts original jurisdiction over questions of bankruptcy law.

13  28 U.S.C. § 1334(a).   Title 28 U.S.C. § 1334(b) grants the district court jurisdiction over "all

14  civil proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C.

15  § 1334(b).   The Trustee contends that this action is "related to" a bankruptcy action because if

16  the DDJ Entities succeed in this lawsuit, it will provide more money for the DDJ Entities'

17  bankruptcy estate.

18         The state law claims rased by the Trustee, on behalf of the DDJ Entities, are not properly

19  answered by the undersigned in this court.   While Section 1334 provides the court with

20  jurisdiction over actions "related to" bankruptcy proceedings, Section 1334 must be read in

21  conjunction with 28 U.S.C. § 157.   Section 157 states that each district court may order any or all

22  cases "under title 11 and any or all proceedings arising under title 11 or arising in or related to a

23  case under title 11 shall be referred to the bankruptcy judges for the district."  28 U.S.C. § 157(a).

24   "A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise

25

26

27

28                                                    16

related to a case under title 11." 28 U.S.C. § 157(c)(1).[3]   The District Court of the Eastern

District of California has made such a referral.   See Eastern District of California General Order

182.   Thus, if the Trustee really believes that the DDJ Entities state law claims are "related to" a

bankruptcy proceeding, the DDJ Entities must file their claim in the bankruptcy court, not this

court.[4]  If the DDJ Entities' state law claims are not related to a bankruptcy, than there is no basis

for jurisdiction in either court.

The court does recognize that neither the DDJ Entities nor Defendants may desire

litigation of the state law claims in the bankruptcy court.   Title 28 U.S.C. § 1334 allows the

bankruptcy court to decline to hear state court disputes that are "related to" bankruptcy

proceedings.   "The court, in the interests of justice or the interests of comity with the state

---

[3]  "In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c)(1).   If all parties to the proceeding consent, the district court may refer noncore related proceedings to a bankruptcy judge to enter appropriate orders and judgments. 28 U.S.C. § 157(c)(2); Bankruptcy Rule 7012(b).

[4]  In Celotex Corp. v. Edwards, 514 U.S. 300 (1995), the Supreme Court described the scope of "related to" jurisdiction under § 1334(b) as follows:
> Proceedings "related to" the bankruptcy include (1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between third parties which have an effect on the bankruptcy estate.... The first type of "related to" proceeding involves a claim like the state-law breach of contract action at issue in Northern Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

Id. at 307 (internal citation omitted).   The Ninth Circuit uses the Third Circuit's "Pacor test," found in Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984), to determine if a claim is "related to" a bankruptcy procceding.   In re Fietz, 852 F.2d 455, 457 (9ᵗʰ Cir.1988). Under this formulation, the test is whether:
> the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

In re Pegasus Gold Corp., 394 F.3d 1189, 1193-94 (9ᵗʰ Cir. 2005); Pacor, 743 F.2d at 994.
Because it is unnecessary to determine if the DDJ Entities' state law claims are related to a bankruptcy at this time, the court will not make a final finding on this issue.

17

courts or respect for state law, may abstain from hearing a particular proceeding arising under Title 11 or arising in or related to a case under Title 11."  28 U.S.C. § 1334(c)(1).   If a proceeding is (1) Based solely upon state law; (2) Related to a case under Title 11 but not arising under; and (3) Could not have been commenced in a court of the United States absent jurisdiction under 28 U.S.C. § 1334, the "court *shall* abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction."  28 U.S.C. § 1334(c)(2) (emphasis added).   Based on Section 1334(c), it appears the bankruptcy court would abstain from deciding the state law claims.   However, this is a determination to be made by the bankruptcy court in the event the Trustee chooses to file this action in the bankruptcy court.   Regardless, Section 1334 does not give the undersigned jurisdiction over this action.

**E.  Pending Motion to Amend**

       The court notes that Plaintiffs have filed a motion to amend the complaint.   This motion has been noticed for hearing before the Magistrate Judge.   The court has reviewed the motion to amend and determined that the additional claims Plaintiffs desire to add into this action are all based on state law.   Because these new claims would not provide the court with federal question jurisdiction, the court finds that the motion to amend need not be resolved prior to dismissal.

**ORDER**

Accordingly the court ORDERS that:

       1.      Defendants' motions to dismiss for lack of subject matter jurisdiction are GRANTED;

       2.      The PACA claim is DISMISSED without leave to amend and with prejudice;

       3.      The state law claims are DISMISSED without prejudice to Plaintiffs filing

the claims in either the Bankruptcy court or state court;

4.      All pending motions are DENIED as moot;

5.      The Clerk of the Court is DIRECTED to close this action.

IT IS SO ORDERED.

**Dated:    September 9, 2008**              /s/ Anthony W. Ishii
                                    CHIEF UNITED STATES DISTRICT JUDGE