UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOE FLORES, et al.,**<br><br>            Plaintiffs<br><br>      v.<br><br>**DENNIS HAGOBIAN, et al.,**<br><br>            Defendants | CASE NO. 1:04-CV-6405 AWI DLB<br><br>ORDER GRANTING IN FORMA PAUPERIS APPLICATION FOR APPEAL |

Plaintiffs Connie and Joe Flores have filed requests to proceed in forma pauperis for their appeal. Docs. 363 and 364. Defendants oppose the motions. Doc. 371. "[A]any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress....An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. §1915(a). "[A] party who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that: (A) shows...the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed. Rule App. Proc. 24(a)(1). The court has examined Plaintiffs' statements of their financial positions and statement of issues in dispute. Docs. 363, 364, and 373.

Defendants argue that Plaintiffs have no entitlement to redress as the dispute is moot: "It simply does not follow that if the bankruptcy trustee had not been allowed to intervene in this case, they would not have been joint plaintiffs in the state court case and the dismissal in that case

would not have been entered." Doc. 371, 2:23-26.  Plaintiffs in this case seek to have determined that the bankruptcy trustee (on behalf of the bankruptcy estate) did not have standing to assert the claims against Defendants.  This is significant in that the state court "held, in essence, that [Plaintiffs'] claims in the second amended complaint were derivative of the claims of the bankruptcy estate and [Plaintiffs'] participation in the action had been only to obtain damages for the estate, which might result in eventual payment of her claims against the DDJ entities in the bankruptcy case." Doc. 371, Ex. B, at 5.  If the bankruptcy trustee does not have standing to sue under in pari delicto, Plaintiffs would probably have independent claims against Defendants.  It is unclear what effect a declaratory finding by the Ninth Circuit would have on Plaintiffs' rights.  The question of mootness in this case is unclear.  The parties have not fully briefed the issue.  In forma pauperis status for appeal may still be proper when a party challenges a finding of mootness. See Settle v. Tenn. Dep't of Corr., 487 Fed. Appx. 290 (6th Cir. 2012).

An appeal is taken in good faith when a party "seeks appellate review of any issue not frivolous." Coppedge v. United States, 369 U.S. 438, 445 (1962) (criminal appeal).  Defendants point out that the Ninth Circuit had ruled in a related bankruptcy case that Plaintiffs could not proceed in forma pauperis on several appeals because the appeals were frivolous. See Doc. 371, Ex. D.  However, the order does not state the basis of that finding of frivolousness and does not describe the substance of the appeal.  The court can not determine if the factors that lead the Ninth Circuit to conclude those appeals to be frivolous are shared with this case.  The issue Plaintiffs raise concerning the application of in pari delicto is a valid point of contention as the Ninth Circuit has not issued a published opinion on the subject and Plaintiffs rely on a ruling by the Second Circuit. See Shearson Lehman Hutton, Inc. v. Wagoner, 944 F.2d 114, 117-18 (2nd Cir. 1991).

Plaintiffs' application to proceed in forma pauperis is GRANTED.

IT IS SO ORDERED.

Dated:   November 15, 2013                 _____
                                            SENIOR DISTRICT JUDGE